UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES -- GENERAL

Case No.  **CR 09-68-VBF-13**                                Dated: May 10, 2010

===============================================================================

**PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE**

| Joseph Remigio | None Present | AUSA Joey L. Blanch |
| Courtroom Deputy | Court Reporter | Asst. U.S. Attorney |
| | | Not Present |

===============================================================================

U.S.A. vs (Dfts listed below)           Attorneys for Defendants

13)  Joseph Willard Tierney, III        13)  Timothy Lannen

_____

**PROCEEDINGS (IN CHAMBERS):**    **RULING ON SUBMITTED MATTER: THE GOVERNMENT'S APPLICATION FOR ORDER OF DETENTION [Dkt. #239]**

     The Court has read and considered the Government's Ex Parte Application for Bail Review Hearing as to Defendant Joseph Tierney (dkt. #239) and the Defendant's Opposition to the Government's Appeal of the Magistrate's Order re: Bail and Exhibits (dkt. #248).  The Court also considered counsel's arguments at the hearing on May 7, 2010 and then took the Application under submission.  After further consideration of the papers, counsel's arguments and the record, the Court grants the Government's Application and orders detention.

     On April 21, 2010, the Defendant appeared for a detention hearing before Magistrate Judge Charles Eick.  The Government moved for detention.  The Magistrate Judge ordered Defendant released on a $500,000 justified bond, home detention and electronic monitoring.  The Defendant was also given permission to live in Massachusetts and to travel between Massachusetts and the Central District for court appearances.  In its Application, the Government requested that this Court review the Magistrate Judge's Order.

     This Court recognizes that the Bail Reform Act mandates the release of a person facing trial unless no condition or combination of conditions will "reasonably assure" the appearance of the person as required and the safety of the community.  Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved

in favor of release. *See* 18 U.S.C. § 3142; *United States v. Ward*, 63 F. Supp. 2d 1203, 1207 (C.D. 1999). In this case, the rebuttable presumption set forth in 18 U.S.C. § 3142(e) is applicable, where the offense involves minor victims under 18 U.S.C. §§ 2251 and 2252A(a)(1)-(4), yet the burden of persuasion remains with the Government. *See* 18 U.S.C. § 3142(f); *Ward*, 63 F. Supp. 2d at 1209-10. Further, the Court notes that in reviewing the Magistrate Judge's Order, the district court applies a *de novo* standard of review. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990).

Considering the parties' arguments and record before it, this Court finds that the Government met its burden of establishing by clear and convincing evidence that the Defendant is a danger to the community. The Government also established that the Defendant is a flight risk by a preponderance of the evidence. Considering the information presented, there is no condition or combination of conditions that will reasonably assure the Defendant's presence and safety of the community.

Several factors are presented in favor of the Defendant, including the Defendant's family and community ties, his lack of any criminal history, and lack of any history relating to drug or alcohol abuse. However, the weight of the factors strongly supports detention sought by the Government, particularly the nature and seriousness of the offense. *See* 18 U.S.C. § 3142(g). As the First Superseding Indictment ("FSI") makes clear, Defendant Tierney was not a casual peruser of child pornography. The Defendant posted a lot of child pornography to the "Lost Boy" bulletin board. It was estimated that after joining Lost Boy in April 2008, Defendant made approximately 161 public posts to other message board users. His messages posted on Lost Boy indicate a deep familiarity with child pornography and make his sexual interest in young boys explicitly clear. *See, e.g.*, FSI, ¶¶ 8, 94, 44-46, 111-112, 98-99, 101; Government's Application (dkt. #239), pp. 11-14. This shows that the Defendant is a danger to the community, particularly to children. The conditions of release, including pretrial supervision, home confinement, and electronic monitoring would not prevent the Defendant from accessing sexually explicit images of children.

The Defendant is also a flight risk and no condition or combinations of conditions would reasonably assure his presence. If convicted, Defendant faces a significant sentence. Count One, alleging a violation of 18 U.S.C. § 2252A(g), carries a 20-year mandatory minimum sentence and Count Two, alleging violations of 18 U.S.C. §§ 2251(d)(1), (e) and 2252A(a), (b)(1), and (b)(2), carries a presumption of detention and exposes Defendant to a significant sentence.

Further, the Defendant's lack of contacts with the Central District of California and extensive contacts and recent travel in Central America present a risk of non-appearance. Travel records reveal that Defendant traveled from the United States to Honduras on July 28, 2009. The Government reports that according to the Defendant's publically available Internet "travel blog," he was in Honduras as a Peace Corps volunteer,

working with at-risk youth and teaching children.  Government's Application, p. 6:12-19.  The Defendant returned to the United States in the company of the FBI and was arrested upon arrival on April 16, 2010.  *See* dkt. #229.  The Government also reports that the Defendant's posts on Lost Boy discussed his experience studying abroad in Central America in 2008.  Records indicate that during that time, Defendant traveled to Guatemala and Nicaragua.  Thus, as the Government asserts, the Defendant has lived for extended periods of time in Central America, both as a student and as a Peace Corps volunteer.  The Defendant has lived with families in Central America and presumably has close connections with these people, which makes it possible for him to disappear without a trace.  As the Government asserted at the May 7, 2010 hearing, the conditions of release, including electronic monitoring and surrender would not be reasonable to secure the Defendant's presence considering all of the factors presented.

In sum, although some factors provide support for pretrial release, they are clearly outweighed by factors in favor of detention.  As reflected in the charges in the First Superseding Indictment, Defendant is a danger to the community, particularly children.  The Government's evidence also shows that Defendant is a flight risk, given the significant sentence Defendant would face if convicted and his ties to Central America.  The Court finds that the Government has met its burden of persuasion and detention pending trial is appropriate in this case.  The bond and conditions of supervised release would not be sufficient.  Detention is ordered.

**IT IS SO ORDERED.**

cc:  USPO
     PSALA
     USM